UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the Matter of CLINTON RIVER
CRUISE CO. as owner of the M/V
CLINTON FRIENDSHIP for
Exoneration From or Limitation of
Liability

_____/

CASE NO. 03-CV-73139

PAUL D. BORMAN
UNITED STATES DISTRICT JDUGE

**OPINION AND ORDER: (1) GRANTING PETITIONER'S MOTION TO WITHDRAW THE LIMITATION OF LIABILITY PETITION; (2) DENYING PETITIONER'S MOTION FOR A JURY TRIAL; (3) GRANTING PETITIONER'S MOTION TO RE-OPEN DISCOVERY FOR A LIMITED PERIOD; AND (4) DENYING CLAIMANT'S REQUEST FOR ATTORNEY FEES AND COSTS**

Before the Court are Petitioner Clinton River Cruise Company's ("Petitioner") May 4, 2007 Motions: (1) for Voluntary Withdrawal of Petition for Limitation of Liability; (2) for a Jury Trial; and (3) to Re-Open Discovery. (Doc. No. 57). Claimant Nathaniel C. DeLaCruz, II ("Claimant") filed a Response on May 7, 2007. The Court held a motion hearing on June 27, 2007. After the hearing, the Court ordered that the parties submit supplemental briefing. Both parties submitted supplemental briefs on August 1, 2007. Having considered the entire record, and for the reasons that follow, the Court GRANTS Petitioner's Motion for Voluntary Withdrawal of Petition for Limitation of Liability, DENIES Petitioner's Motion for a Jury Trial, GRANTS Petitioner's Motion to Re-Open Discovery for a Limited Period, and DENIES Claimant's request for attorney fees and costs.

**I.     BACKGROUND**

This case is currently before the Court on remand from a January 10, 2007 decision of the United States Court of Appeals for the Sixth Circuit. *See Clinton River Cruise Co. v. DeLaCruz*, 213 Fed. Appx. 428 (6th Cir. Jan. 10, 2007) (unpublished), *vacating In re Clinton River Cruise Co.*,

1

No. 03-73139, 2005 WL 3783040 (E.D. Mich. Oct. 28, 2005) (unpublished). In that decision, the Sixth Circuit: (1) reversed this Court's determination that Susan Bremer's affidavit should be stricken as inconsistent with her earlier deposition testimony; (2) vacated the Court's grant of summary judgment to Claimant and denial of summary judgment to Petitioner; and (3) instructed the Court to consider the parties' arguments that were held in abeyance by the pending Sixth Circuit appeal, including issues of contributory negligence, proximate cause, and Claimant's pending motion to proceed with the limitation of liability proceedings.

The facts of this case are recounted by the Sixth Circuit opinion:

On June 3, 2002, Rafael DeLaCruz was a passenger on a vessel owned by the Appellant, the M/V CLINTON FRIENDSHIP, described as a 1984, 64-foot, steel hull motor vessel. It had two open-air decks, was capable of carrying 149 passengers, and contained a bar, food concessions and facilities for lunch and dinner cruises. Cruises were conducted along the Clinton River in Mt. Clemens, Michigan.

The United States Coast Guard ("USCG") performed annual inspections on the M/V CLINTON FRIENDSHIP and its Certificate of Inspection for the vessel required that it be manned by a captain and two deckhands. On the date of the incident from which the suit arose, William Hart, the holder of a USCG captain's license since 1980 and a British yachtsman's license since the mid-1990s, was acting as master of the vessel. There were also two crewmembers aboard-Carl Saad and Susan Bremer-along with Carol DeLaura, who worked as a bartender.

The M/V CLINTON FRIENDSHIP was chartered on June 3, 2002 by a local entertainer for the purpose of entertaining a group of persons, many of whom knew one another. DeLaCruz, a 26-year-old student, was in attendance along with some of his friends. The decedent was described as a good athlete and a marathon runner who had military training. The ship left the dock on the Clinton River at around 7:30 p.m. with approximately 40 passengers. Saad was working on the upper deck and Bremer on the lower level. After a trip downriver and into Lake St. Clair, the vessel was returning to its berth when DeLaCruz and others gathered at the stern. As it passed Markley's Marina at a distance of some 50 feet, DeLaCruz and another passenger, Aaron Mough, undressed, handed their shoes, wallets, cell phones and other items to a friend with instructions to pick them up on shore and dove off the vessel in an apparent race to land. Confident of their friend's athletic prowess, DeLaCruz's companions were unconcerned and returned to their dancing and socializing, not bothering to alert the crew.

> As she was emptying trash, Bremer overheard some of the passengers talking about the men going overboard and, looking over the stern, spotted them swimming away from the boat toward the marina. She alerted the captain, who handed the helm to Saad and ordered the vessel to circle back in an attempt to retrieve them. Bremer also assessed the effectiveness of throwing life rings into the water but decided against it, as the men were purposefully swimming away from the boat and out of range of the life rings. Mough arrived at the marina but DeLaCruz drowned. It is undisputed that DeLaCruz was not intoxicated by Michigan's legal standards and that he jumped into the water voluntarily.
>
> On August 18, 2003, Clinton filed a complaint for exoneration from or limitation of liability pursuant to 28 U.S.C. § 1333. The estate of Rafael DeLaCruz filed a claim in the district court action. Both parties moved for summary judgment. In its motion, Clinton sought exoneration from liability on the grounds that the decedent's own actions were the sole proximate cause of his death or, in the alternative, limitation of liability due to the shipowner's lack of privity and knowledge of negligence on the part of its employees. The district court held Clinton negligent *per se* based on its alleged violation of the vessel's Certificate of Inspection manning requirement. The district court granted summary judgment in favor of DeLaCruz and denied the motion for summary judgment filed by Clinton. On October 28, 200[5], the district court entered judgment against Clinton.

*Clinton River Cruise Co.*, 213 Fed. Appx. at 429-30.

After this Court issued its Order on Summary Judgment on October 28, 2005, Claimant filed a Motion to Reopen Case, to Lift Monitions and Injunctions, and to Proceed with the Limitation of Liability Proceeding on November 2, 2005. (Doc. No. 39). On November 10, 2005, Petitioner filed a Motion for Clarification on the Comparative Negligence issue. (Doc. No. 42). On November 28, 2005, Petitioner filed the appeal of the Court's summary judgment order. On March 6, 2006, the Court entered an Order Staying the Case until the resolution of Petitioner's appeal.

After the Sixth Circuit remand to this Court, Petitioner filed motions to withdraw voluntarily his limitation of liability petition, to have a jury trial, and to re-open discovery for a limited period of time on damages issues. Claimant filed a Response. After a motion hearing, the Court ordered that the parties submit supplemental briefing. Both parties submitted supplemental briefs.

3

## II. ANALYSIS

### A. Petitioner's Motion to Withdraw the Limitation of Liability Proceeding

The Sixth Circuit has summarized the analysis relating to a petitioner's limitation of liability action and a claimant's right to pursue a claim before a jury:

> Federal courts have exclusive admiralty jurisdiction to determine whether a vessel owner is entitled to limited liability. However, the same statute that grants the federal courts exclusive admiralty jurisdiction saves to suitors "all other remedies to which they are otherwise entitled." The "savings to suitors" clause of § 1333 embodies a presumption in favor of jury trials and common law remedies in the forum of the plaintiff's choice. Thus, a tension exists between the exclusive jurisdiction vested in the admiralty courts to determine a vessel owner's right to limited liability and the savings to suitors clause. In resolving this tension, the "primary concern is to protect the shipowner's right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum."
>
> To accommodate the competing interests of a shipowner's right to limit liability and a claimant's right to a trial by jury, the Supreme Court has established two situations in which a claimant must be allowed to pursue a claim before a jury. The first situation is where the value of the limitation fund (value of vessel plus freight) exceeds the total value of all claims asserted against the vessel owner, and the second is where only one claim is asserted against the vessel owner.
>
> In this second situation, a district court is obliged to dissolve its injunction against all other legal proceedings when only one claim is asserted against the shipowner and sufficient stipulations are filed. When a single claimant brings an action seeking damages in excess of the limitation fund, the district court must lift the stay against other proceedings if the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability. In the situation of a single claimant, the district court must lift the stay and the state court action is permitted to continue until a judgment is rendered. While the state court action is pending adjudication, the limitation action is held in abeyance. If the plaintiff challenges the shipowner's right to limit liability during the state court proceedings, the federal court may reinstate its stay of the state court proceedings in order to protect the paramount federal right. If no such challenge is made and the state court renders a judgment in favor of the shipowner, or in favor of the claimant in an amount less than the limitation fund, the limitation proceeding is dismissed as moot. However, if the claimant receives a state court judgment in excess of the limitation fund, the federal action proceeds in order to determine those issues relevant to the limitation of liability. This compromise was developed to preserve both the claimant's right to a trial by jury and the shipowner's right to limit its liability.

> . . . .
>
> Second, as stated above, it is clearly established that where there is a single claimant, the district court must allow that claimant to use the state courts. The Supreme Court has explained that requiring claimants to proceed in federal court where there is only one claim or the fund is adequate to cover all claims would transform LOLA from an instrument protective of a vessel owner's liability to "an offensive weapon by which the shipowner could deprive suitors of their common-law rights." "In view of the explicit mandate from Congress the respondent must not be thwarted in her attempt to employ her common-law remedy in the state court where she may obtain trial by jury."
>
> Third, the Supreme Court has explained that the federal courts do not have exclusive jurisdiction of either DOHSA or in personam maritime claims and that state courts are equally competent to adjudicate such claims. Lastly, the savings to suitors clause already discussed allows plaintiffs their choice of forums.

*In re Muer*, 146 F.3d 410, 417-19 (6th Cir. 1998) (internal citations and footnote omitted).

Rule F of the Supplemental Rules of the Federal Rules of Civil Procedure specifies, in pertinent part, that "[n]ot later than six months after receipt of a claim in writing, any vessel owner *may file* a complaint in the appropriate district court, as provided in subdivision (9) of this rule, for limitation of liability pursuant to the statute." (emphasis added); *see* 46 U.S.C. App. § 185 ("The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court . . . . for limitation of liability . . . ."). Hence, under the law, the decision to file a limitation of liability action rests within the discretion of a petitioner.

There is generally no right to a jury trial in a federal limitation of liability action brought under Rule F and 46 U.S.C. App. § 185. *See* Fed. R. Civ. P. 38(e) ("These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)"); *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 20 (1963).

In support of his request to withdraw the petition, Petitioner relies upon *In re Curtis Bay Towing Co. of Pennsylvania*, 63 F. Supp. 72 (E.D. Pa. 1945). In *Curtis*, the district court held that the petitioner could only unilaterally withdraw the limitation of liability action, if the claimant would not be prejudiced by the withdrawal:

> The petitioner in this case seeks to withdraw its petition for limitation of liability. No adjudication either granting or denying the limitation of liability has been made. The petitioner offers to enter into stipulations with the plaintiff that the petitioner will not take advantage of the bar of the statute of limitations in a common-law suit against them and that certain interrogatories and their answers may be transferred to that suit, the purpose of these stipulations being to place the plaintiff in as good a position in his common-law suit as though this proceeding had not been started. The plaintiff resists the withdrawal of this petition and refuses to enter into the stipulations.
>
> This court will not compel the plaintiff to enter into stipulation with the petitioner nor will it deprive the plaintiff of any advantages that he may have gained by reason of the petitioner's action in commencing these proceedings. They are of an equitable nature and will not be dismissed as a matter of right upon the request of petitioner *if it appears to the court that the plaintiff may be prejudiced by such a dismissal*.

63 F. Supp. at 72-73 (emphasis added).

Here, Claimant has not shown, if Petitioner is allowed to withdraw the limitation of liability petition, he would suffer any prejudice as this case goes forward. Therefore, the Court will allow Petitioner to withdraw his limitation of liability petition.[1]

### B. Claimant's Right to Pursue a Non-Jury Trial in Admiralty

The parties dispute whether a right to a jury trial attaches to Claimant's negligence claim. Claimant has made it clear that he wishes to proceed in this case in admiralty, without a jury, on a theory of negligence under general maritime law.

---

[1] From a procedural standpoint, after a limitation of liability action is dismissed, a claimant can choose either to pursue his claims through a continuation of the limitation proceeding, or may return to the original forum to litigate the claims. *See, e.g., Pickle v. Char Lee Seafood, Inc.*, 174 F.3d 444, 449 (4th Cir. 1999) (collecting cases). Here, Claimant seeks to pursue his claim through a continuation of the limitation proceeding. The Court will allow Claimant to proceed with his case.

The Sixth Circuit has provided guidance on this issue:

The "saving to suitors" clause is found in 28 U.S.C. § 1333(1):

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

Although the plain meaning of this language is by no means an intuitive matter, the Supreme Court has clearly held that the "saving" clause "leave[s] state courts 'competent' to adjudicate maritime causes of action in proceedings 'in personam,' that is, where the defendant is a person, not a ship or some other instrument of navigation." Thus, although federal courts have exclusive jurisdiction over *in rem* actions, federal and state courts have concurrent jurisdiction over *in personam* actions, and the effect of the clause is to give an *in personam* plaintiff "the choice of proceeding in an ordinary civil action, rather than bringing a libel in admiralty." As Wright, Miller & Cooper explain, section 1333 gives the "suitor" the following options:

> First, the claimant may invoke federal admiralty jurisdiction under the grant of original subject matter jurisdiction over admiralty, maritime, and prize cases set out in Section 1333. Neither diversity of citizenship nor a minimum amount in controversy need be shown under the statute. On the other hand, most plaintiffs have no right to a trial by jury if they invoke the federal court's general admiralty jurisdiction. Second, by virtue of the "saving clause," plaintiff also may sue at law in a state court or in a United States district court. However, to pursue the latter choice, the requirements of diversity of citizenship and jurisdictional amount must be satisfied.

*In re Chimenti*, 79 F.3d 534, 536-37 (6th Cir. 1996) (internal citations omitted).

The Supreme Court has recognized that a plaintiff may pursue an action for wrongful death based on negligence under general maritime law. *Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 817 (2001). Where a plaintiff chooses to invoke a federal court's admiralty jurisdiction under 28 U.S.C. § 1333, a plaintiff is generally not entitled to a jury trial, unless provided otherwise by statute. *Chimenti*, 79 F.3d at 537. Furthermore, an opposing party's demand

7

for a jury trial cannot defeat a plaintiff's election to proceed without a jury in admiralty under Fed. R. Civ. P. 9(h). *See Concordia Co. v. Panek*, 115 F.3d 67, 71 (1st Cir. 1997).

Since Claimant has elected to proceed in admiralty under a negligence theory, the Court DENIES Petitioner's Motion for a Jury Trial.

### C. Motion to Re-Open Discovery

Petitioner motions the Court to re-open discovery for a limited time: (1) to depose a representative of the U.S. Coast Guard on the merits of an issue raised in Claimant's Motion for Summary Judgment; and (2) to conduct discovery on damages issues and experts. Claimant does not object to re-opening discovery for these purposes. Therefore, the Court GRANTS Petitioner's Motion to Re-Open Discovery for these matters.

The Court will issue an Amended Scheduling Order.

### D. Claimant's Request for Attorney Fees and Costs under 28 U.S.C. § 1927

Claimant asserts that Petitioner has "purposefully and intentionally multiplied the proceedings in this case, unreasonably and vexatiously[.] (Cl. Supp. Br. 4). Claimant further seeks attorney fees and costs for filing the supplemental brief, the previous brief in response to Petitioner's original motion, and oral argument. (*Id*. at 4-5).

Section 1927 of Title 28 United States Code provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys fees reasonably incurred because of such conduct.

The Court does not find that Petitioner multiplied the instant proceedings "unreasonably and vexatiously." As discussed above, Petitioner was within its rights to move to withdraw voluntarily

8

the petition for limitation of liability. To the extent that the parties disputed whether the Court had subject matter jurisdiction and whether a right to a jury attached to Claimant's claims, the Court finds that this was a bona fide legal dispute. Additionally, the Court ordered the supplemental briefing to assist in clarifying these issues.

Therefore, the Court DENIES Claimant's request for attorney fees and costs.

## III. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Petitioner's Motion for a Voluntary Withdrawal of the Limitation of Liability Proceeding;

(2) **DENIES** Petitioner's Motion for a Jury Trial;

(3) **GRANTS** Petitioner's Motion to Re-Open Discovery; and

(4) **DENIES** Claimant's request for attorney fees and costs.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 9, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 9, 2007.

s/Denise Goodine
Case Manager

9